IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ALAN & NICOLE TUCEK, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FOCHTMAN ENTERPRISES, INC. d/b/a )<br>NORTHERN CREDIT BUREAU, and )<br>PAULA FOCHTMAN, INDIVIDUALLY, )<br>)<br>Defendants. )<br>_____ ) | Case No. 2:12-cv-15069<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 339.901 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiffs, Alan and Nicole Tucek ("Plaintiffs"), are natural persons who at

all relevant times resided in the State of Michigan, County of Crawford, and City of Frederic.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) and Mich. Comp. Laws § 339.901(f).

6. Defendant, Fochtman Enterprises, Inc. d/b/a Northern Credit Bureau ("NCB"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and Mich. Comp. Laws § 339.901 (a).

7. NCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. NCB is a "collection agency" as defined by Mich. Comp. Laws § 339.901(b).

9. Defendant, Paula Fochtman ("Ms. Fochtman"), is an individual who is the president of NCB.

10. Ms. Fochtman, at all relevant times, was engaged by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

11. Upon information and good-faith belief, as the president of NCB, Ms. Fochtman was regularly engaged, directly and indirectly in the collection of Plaintiffs' debt.

12. Upon information and good-faith belief, as the president of NCB, Ms.

Fochtman was personally involved in the collection of Plaintiffs' debt.

13. Upon information and good-faith belief, as the president of NCB, Ms. Fochtman was materially involved in the collection of Plaintiffs' debt.

14. Upon information and good-faith belief, as the president of NCB, Ms. Fochtman materially participated in NCB's debt collection activities.

15. Upon information and good-faith belief, as the president of NCB, Ms. Fochtman was involved in the day-to-day operations of NCB's debt collection business.

16. Upon information and good-faith belief, as the president of NCB, Ms. Fochtman exercised control over the affairs of NCB's debt collection business.

17. Ms. Fochtman is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18. Ms. Fochtman is a "collection agency" as defined by Mich. Comp. Laws § 339.901(b).

## FACTUAL ALLEGATIONS

19. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than NCB.

20. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than NCB, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

21. Plaintiffs incurred the obligation, or alleged obligation, owed or due, or

asserted to be owed or due a creditor other than NCB.

22. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

23. In connection with the collection of an alleged debt in default, NCB placed a call to Plaintiffs' residence on or about September 5, 2012 at 12:50 P.M., and at such time, left the following voicemail message:

> This message is for Alan. My name is Laura. Please return my call, calling from N-NCB N-cotsey. Phone number here is 1-800-276-6496. Return call would be appreciated. Thank you.

24. In its September 5, 2012 voicemail message, NCB failed to notify Plaintiffs that the communication was from a debt collector.

25. In failing to disclose that the communication as from a debt collector, in its September 5, 2012 voicemail message, NCB failed to meaningfully disclose its identity to Plaintiffs.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)
## NCB

26. Plaintiffs repeat and re-allege each and every factual allegation above.

27. NCB violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that NCB violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)
## MS. FOCHTMAN

28. Plaintiffs repeat and re-allege each and every factual allegation above.

29. NCB violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

30. Ms. Fochtman is personally liable for NCB's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of NCB's debt collection business, her responsibility for day-to-day supervision of NCB's debt collector employees, her personal involvement in the collection of Plaintiffs' alleged

debt, her material involvement in the collection of Plaintiffs' alleged debt, and her exercise of control over the affairs of NCB's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Ms. Fochtman violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)
## NCB

31. Plaintiffs repeat and re-allege each and every factual allegation above.

32. NCB violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that NCB violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)
## MS. FOCHTMAN

33. Plaintiffs repeat and re-allege each and every factual allegation above.

34. NCB violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

35. Ms. Fochtman is personally liable for NCB's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of NCB's debt collection business, her responsibility for day-to-day supervision of NCB's debt collector employees, her personal involvement in the collection of Plaintiffs' alleged debt, her material involvement in the collection of Plaintiffs' alleged debt, and her exercise of control over the affairs of NCB's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Ms. Fochtman violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF MICH. COMP. LAWS § 339.915(g)
## NCB

36. Plaintiffs repeat and re-allege each and every factual allegation above.

37. NCB violated Mich. Comp. Laws § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCB violated M.C.L. § 339.915(g);

b) Awarding Plaintiffs statutory damages, pursuant to Mich. Comp. Laws § 445.257(2), in the amount of $150.00 or in the alternative, $50.00;

    c) Awarding Plaintiffs actual damages, pursuant to Mich. Comp. Laws § 445.257(2);

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to Mich. Comp. Laws § 445.257(2);

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF MICH. COMP. LAWS § 339.915(g)
## MS. FOCHTMAN

38. Plaintiffs repeat and re-allege each and every factual allegation above.

39. NCB violated Mich. Comp. Laws § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity.

40. Ms. Fochtman is personally liable for NCB's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of NCB's debt collection business, her responsibility for day-to-day supervision of NCB's debt collector employees, her personal involvement in the collection of Plaintiffs' alleged debt, her material involvement in the collection of Plaintiffs' alleged debt, and her exercise of control over the affairs of NCB's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Ms. Fochtman violated M.C.L. § 339.915(g);

b) Awarding Plaintiffs statutory damages, pursuant to Mich. Comp. Laws § 445.257(2), in the amount of $150.00 or in the alternative, $50.00;

c) Awarding Plaintiffs actual damages, pursuant to Mich. Comp. Laws § 445.257(2);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to Mich. Comp. Laws § 445.257(2);

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

41.     Plaintiffs are entitled to and hereby demand a trial by jury.

This 15th day of November, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
(P48762)
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(248) 737-8003 Fax
*Lead Counsel for Plaintiffs*

**Correspondence address**
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012